IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASHLEY SUAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2806-S |
| | § | |
| BRANDON JEROME WALKER, | § | |
| LECARLETON MENDEZ MCGEE, | § | |
| and COOPER AIR FREIGHT | § | |
| SERVICE INC. d/b/a COOPER | § | |
| FREIGHT SERVICE, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Ashley Suarez filed her First Motion to Extend Time to Serve Defendant Brandon Jermaine Walker (also identified as Brandon Jerome Walker by the parties and the Court) ("Motion to Extend Time"). *See* Dkt. No. 18.

United States District Judge Karen Gren Scholer has referred this motion to the undersigned United States Magistrate Judge for hearing, if necessary, and findings, conclusions, and a recommendation under 28 U.S.C. § 636(b). *See* Dkt. No. 19.

For the reasons explained below, the Court should grant Suarez's Motion to Extend Time [Dkt. No. 18].

**Background**

This case concerns a car accident. Ashley Suarez was in a car accident with Brandon Walker, who was driving his personal vehicle, and LeCarleton Mendez McGee, who was driving a commercial vehicle owned by Cooper Air Freight Service Inc. ("Cooper"). *See* Dkt. No. 1 at 15.

Suarez filed a petition in Texas state court alleging negligence and negligence per se against Walker, McGee, and Cooper under the theory of respondeat superior. *See id.* at 19. Suarez also brings a negligent hiring/supervision/training/retention claim against Cooper. *See id.* 19-20.

Defendants Cooper and McGee removed the case to this court. *See* Dkt. No. 1. Suarez filed an amended complaint against all defendants. *See* Dkt. No. 14.

The Court issued an order on March 7, 2024, stating that "Plaintiff filed her complaint in state court 11/10/2023. The case was removed to this Court on 12/20/2023. However, service of summons and complaint has not yet been made on Defendant Brandon Jerome Walker as there are no returns of service in the record, nor was Walker served while the action was in state court. If such service is not accomplished by 4/6/2024, the claims against Walker will be subject to dismissal without prejudice and without further notice, absent good cause shown." Dkt. No. 17.

Suarez filed her Motion to Extend Time on April 9, 2024. *See* Dkt. No. 18.

**Legal Standards and Analysis**

Rule 4(m) gives a plaintiff ninety days after filing the complaint to make service. FED. R. CIV. P. 4(m). If service is not made within this timeframe, a court must either 'dismiss the action without prejudice against that defendant or order that service be made within a specified time.' *Id.*

*Robinson v. Hadavi Enterprises, Inc.*, No. EP-17-CV-44-DB, 2017 WL 8182751, at *1 (W.D. Tex. June 23, 2017).

And the United States Court of Appeals for the Fifth Circuit has explained that,

> when a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district

-2-

court must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service.

*Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Suarez has not served Walker within the 90-day period as Federal Rule of Civil Procedure 4(m) requires. And, so, the undersigned must first determine whether she has demonstrated good cause to extend the time for service.

"Good cause under Rule 4(m) requires at least a showing of excusable neglect, in 'which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice….' *See Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)." *Lafdi v. Holman*, No. 3:22-cv-922-S-BK, 2023 WL 2355939, at *2 (N.D. Tex. Jan. 10, 2023), *rep. & rec. adopted*, 2023 WL 2355898 (N.D. Tex. Mar. 3, 2023). "What amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). But good cause "normally requires some showing of 'good faith' on the plaintiff seeking an extension and some reasonable basis for failing to comply within the time limits." *Aguirre v. ISC Constructors, LLC*, 70 F. Supp. 3d 766, 775 (E.D. Tex. 2014).

Suarez has attempted to serve Walker seven times between December 5, 2023 and March 5, 2024. *See* Dkt. No. 18.

In the affidavit attached to the motion, private process server Louis Hernandez states that he attempted service at 8850 Ferguson Road 2061, Dallas, Texas 75228 three times until the leasing service said there was no person by that name in the complex. *See* Dkt. No. 18-1 at 1.

Hernandez attempted to serve Walker at two more addresses, but Walker did not appear to live at either address. *See id.* at 1-2.

While not included in the affidavit, Suarez states in her Motion to Extend Time that Hernandez spoke with Walker's stepfather on March 5, 2024, and gave Walker's stepfather his phone number. *See* Dkt. No. 18 at 3. Walker called Hernandez and said he lived in Houston, Texas and gave a permanent address of 4785 Rock Island, Washington, Texas 77880. *See id.*

The undersigned finds that Suarez has shown good cause to extend time for service. Suarez has diligently tried to serve Walker in good faith and shows that she has not served Walker because she has not been able to locate him, although it is unclear why Suarez has not tried to effect service at the 4785 Rock Island, Washington, Texas 77880 address that Walker provided to Hernandez or attempted to locate Walker in Houston in the month before filing this motion.

But, even if good cause did not exist, the Court should still exercise its discretion to extend the time to effect service.

Suarez also requests that a marshal serve Walker, stating that "[s]ervice by marshal appears to be the most reasonable means of effecting service on Walker because Plaintiff made numerous attempts to serve Walker." Dkt. No. 18 at 3.

Federal Rule of Civil Procedure 4(c)(3) provides that,

> [a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916.

FED. R. CIV. P. 4(C)(3).

When a plaintiff is not proceeding *in forma pauperis*, the Court has discretion to order that the United States Marshal's Service ("USMS") effect service. *See White v. Townsend*, No. 6:22CV426, 2023 WL 9229115, at *2 (E.D. Tex. Jan. 13, 2023). "The United States Court of Appeals for the Fifth Circuit has not yet addressed how courts should authorize their discretion to order service by the USMS in a fee paid case. However, other circuits have found that Rule 4 was amended to relieve the USMS of the burden of serving summonses and complaints in private civil actions." *Id.* (collecting cases).

And, when a plaintiff is not *in forma pauperis* or a seaman, service under Rule 4(c)(3) is intended to be for "those limited number of instances in which the court… [is] satisfied that service by a marshal or special appointee is necessary to assure that service will be effected[.] … [T]he plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service. Similarly, court orders directing service by marshal should not be issued unless they really are necessary." 93 F.R.D. 255, 262; *see id.* at *2.

The undersigned finds that multiple attempts at service does not make it necessary the Court appoint USMS to serve Walker in this case. Suarez has already enlisted a private process server who Walker has contacted, and Suarez does not indicate that she can no longer enlist the services of a private process server. *See, e.g.*, *Thomason v. Moeller*, No. 4:16-CV-141-BLW, 2017 WL 241322, at *5 (D. Idaho Jan. 19, 2017), *aff'd*, 741 F. App 420 (9th Cir. 2018), *and aff'd*, 741 F. App'x 420 (9th Cir. 2018) (declining to appoint marshal when to effect service when "Plaintiff… does not

indicate that she has exhausted other reasonable methods of effective service, or that she lacks the financial resources to do so").

And, so, the Court should deny the request to appoint USMS to effect service in this case.

Suarez also states that she "moves the Court for extension of time to effectuate substituted service on Walker." Dkt. No. 18. But Suarez does not provide any further analysis why substituted service would be necessary or what legal authority the Court should authorize substituted service under. And, so, the Court should not order substituted service at this time.

**Recommendation**

The Court should grant Suarez's Motion to Extend Time [Dkt. No. 18] and extend the time for service until **September 30, 2024**. The Court should not appoint USMS to effect service at this time.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 16, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE